IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| In re ) | |
| ) | |
| ATLANTA RUG GALLERY, INC., ) | CHAPTER 7 |
| ) | CASE NO. 09-86091-JRS |
| Debtor. ) | |
| ) | |
| _____ ) | |
| PAUL H. ANDERSON, JR., AS TRUSTEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ADVERSARY PROCEEDING |
| ) | CASE NO. 11-5657 |
| BROAD AND CASSEL, P.A.; LAWRENCE ) | |
| C. ROME, as Trustee of the Terry S. Friedman ) | |
| Trust u/t/d January 18, 2007, ) | |
| | |
| Defendants. | |

## ANSWER

COMES NOW Defendant Lawrence C. Rome, as Trustee of the Terry S. Friedman Trust u/t/d January 18, 2007 (the "Friedman Trust"), by and through undersigned counsel, appearing so as to preserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure and any and all defenses under the federal laws of bankruptcy, and as its Answer to the Chapter 7 Trustee's (the "Plaintiff") Complaint for Avoidance and Recovery of Fraudulent Transfers (the "Complaint") in the above-styled action, respectfully shows the Court as follows:

### FIRST DEFENSE

The Complaint fails to state a claim against the Friedman Trust upon which relief can be granted.

373056 v2

## SECOND DEFENSE

Plaintiff's claims are barred because the Friedman Trust acted at all times in good faith and in accordance with applicable law.

## THIRD DEFENSE

Plaintiff's claims are barred because to the extent Debtor made the purported transfers as described in the Complaint, Debtor received reasonably equivalent value in exchange for these purported transfers.

## FOURTH DEFENSE

Plaintiff's claims are barred because Debtor was not insolvent at the time of the purported transfers and was not rendered insolvent as a result of the purported transfers.

## FIFTH DEFENSE

The alleged transfers were not made from property of the Debtor.

## SIXTH DEFENSE

Pursuant to 11 U.S.C. § 550(b), Plaintiff cannot recover from the Friedman Trust because the Friedman Trust is not the initial transferee of the funds comprising the alleged transfers and the Friedman Trust took such funds for value, in good faith, and without knowledge of the voidability of such alleged transfers.

## SEVENTH DEFENSE

The alleged claims by Plaintiff are barred by the defense of recoupment and setoff.

## EIGHTH DEFENSE

The Friedman Trust gave value and acted in good faith in connection with each and every transaction described in the Complaint.

373056 v2

**NINTH DEFENSE**

The alleged claims by the Plaintiff are barred on account of the actions of the representative(s) of the pre-petition estate.

**TENTH DEFENSE**

This Court lacks subject matter jurisdiction.

**ELEVENTH DEFENSE**

Further investigation and discovery in this case may reveal the existence of additional affirmative defenses. The Friedman Trust, therefore, reserves as possible defenses the remaining defenses contained in Rule 8(c), Federal Rules of Civil Procedure.

**TWELFTH DEFENSE**

The Friedman Trust hereby responds to the individually numbered paragraphs in Plaintiff's Complaint as follows:

1.

The Friedman Trust states that the records of the United States Bankruptcy Court for the Northern District of Georgia speak for themselves and are the best evidence thereof. The Friedman Trust denies any allegations in this paragraph that are inconsistent therewith.

2.

The Friedman Trust affirmatively alleges that 28 U.S.C. §§ 1334, 1409(a) and 157 and Local Rule 83.7A of the United States District Court for the Northern District of Georgia, Atlanta Division, speak for themselves and denies all other allegations in Paragraph 2 of the Complaint as they call for a legal conclusion.

373056 v2

3.

The Friedman Trust is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

4.

The Friedman Trust admits that Lawrence C. Rome, as Trustee of the Friedman Trust maintains a mailing address at 401 School House Lane, Strafford, PA 19087, and denies all other allegations contained in Paragraph 4 of the Complaint that are inconsistent therewith.

5.

The Friedman Trust is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

6.

The Friedman Trust is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

7.

The Friedman Trust is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

8.

The Friedman Trust admits it entered into a contract with Mohamad Gavahi, in some capacity, regarding a condominium unit located 201 S. Narcissus Avenue, Unit 1502, West Palm Beach, Florida 33401, and denies any other allegations that are contained in Paragraph 8 of the Complaint that are inconsistent therewith.

373056 v2

9.

The Friedman Trust is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

10.

The Friedman Trust is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

11.

The Friedman Trust admits it entered into a contract regarding a condominium unit located 201 S. Narcissus Avenue, Unit 1502, West Palm Beach, Florida 33401, with Mohamad Gavahi, in some capacity, and denies any other allegations that are contained in Paragraph 11 of the Complaint that are inconsistent therewith.

12.

The Friedman Trust is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

13.

The Friedman Trust is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

14.

The Friedman Trust admits that there was a default under amended contract (as referenced in the Complaint), that the Friedman Trust has been damaged as a result thereof, and denies all other allegations that are inconsistent therewith.

15.

Denied.

373056 v2

16.

Denied.

17.

Denied.

18.

The Friedman Trust is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

19.

To the extent that any of the allegations in the Complaint have not been expressly admitted or denied, they are hereby denied.

## JURY DEMAND

20.

The Friedman Trust hereby demands a trial by jury for any issues so triable.

WHEREFORE, the Friedman Trust respectfully prays for the following relief:

(a)     that Plaintiff's Complaint, and all claims asserted against the Friedman Trust therein, be dismissed with prejudice;

(b)     that all costs of this action be taxed against Plaintiff; and

(c)     for such other and further relief as the Court deems equitable and proper under the circumstances.

373056 v2

Respectfully submitted this 18th day of January, 2012.

                                      <u>s/Bryan T. Glover</u>
                                      Erich N. Durlacher
                                      Georgia Bar No. 235563
                                      Bryan T. Glover
                                      Georgia Bar No. 993070
                                      edurlach@burr.com
                                      bglover@burr.com

                                      *Attorneys for Defendant Lawrence C. Rome,*
                                      *as Trustee of the Terry S. Friedman Trust,*
                                      *u/t/d January 18, 2007*

BURR & FORMAN LLP
171 Seventeenth Street, N.W., Suite 1100
Atlanta, Georgia  30363
(404) 815-3000

373056 v2

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of January, 2012, that the foregoing **ANSWER** was served on the following persons by United States first class mail, with adequate postage affixed thereto, and addressed as follows:

>Paul H. Anderson, Jr.
>Trustee in Bankruptcy
>Two Piedmont Center, Suite 315
>3565 Piedmont Road, N.E.
>Atlanta, GA 30305

>s/Bryan T. Glover
>Bryan T. Glover
>Georgia Bar No. 993070
>
>*Attorneys for Defendant Lawrence C. Rome, as Trustee of the Terry S. Friedman Trust, u/t/d January 18, 2007*

BURR & FORMAN LLP
171 17th Street, N.W., Suite 1100
Atlanta, Georgia  30363
Telephone: (404) 815-3000
Facsimile: (404) 817-3244

373056 v2